COLÓN, PLAINTIFF AND APPELLANT, *v.* PÉREZ, DEFENDANT. AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1985.—Decided July 22, 1919.

DAMAGES—ANIMALS—VIS MAJOR.—The owner of an animal is not responsible, neither under section 1804 nor under section 1806 of the Civil Code, for damages caused by it while it is in the custody of another person who is not an employee of the owner and has taken the animal without his consent and without his being able to prevent or avoid such action, which makes it similar to *vis major.*

The facts are stated in the opinion.

*Messrs. A. Nazario Lugo* and *Pascasio Fajardo* for the appellant.

*Messrs. Angel A. Vázquez* and *R. Ramírez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff-appellant having been run over and injured by a horse ridden by Julio Lacourt, she brought an action for damages against Maximino Pérez, the owner of the horse, alleging that he negligently and carelessly permitted his employee, Julio Lacourt, to ride the said horse.

At the trial it was proved that Julio Lacourt was em-

ployed by the appellee only to sell ice from a hand-cart; that he did not have to use horses in doing this work; that he received a commission of a certain percentage of the proceeds of the sales; that neither the defendant nor his hostler ever authorized Julio Lacourt to take the horses from the stable or use them, but that on the contrary he was expressly forbidden to do so, and that on the day of the accident to the appellant and while the appellee and his hostler were sleeping, Julio Lacourt took a horse from the stable and while riding it ran over the appellant.

The lower court dismissed the complaint and the controversy of the parties in this appeal is whether the complaint is based on section 1804 or on section 1806 of the Civil Code, the former providing that the obligation to repair the damage done by an act or omission when there is fault or negligence is assumed by a person who should be responsible for the acts or omissions of other persons; and the latter providing that the possessor of an animal, or the one who uses the same, is liable for the damages it may cause, even if said animal should escape from him or stray, and that this liability shall cease only in case the damage should arise from *force majeure* or from the fault of the person who may have suffered it.

Under neither of these sections can the judgment be reversed, for if the appellant bases her claim on section 1806, as is maintained in her brief but does not seem to be in accord with the allegations of her complaint, she has no right to recover damages from the appellee because he proved at the trial that the damage done by his horse was due to the act of a third person, which the owner was unable to foresee or avoid, being a similar case to that of *vis major*, and the rule of law being identical in both cases, the exemption from liability contained in the said section should be applied. Manresa, Spanish Civil Code, vol. 12, p. 627.

Nor is the appellee **responsible under section 1804** be-

cause Julio Lacourt was not his employee in the management and care of the horse.

The judgment should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.